IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **CURTIS RICHMOND,**<br><br>          **Plaintiff,**<br>v.<br><br>**AMSOUTH BANK,**<br><br>          **Defendant.** | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:06cv352<br><br>Judge Dale A. Kimball<br><br>Magistrate Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(B).  Before the court is Defendant AmSouth Bank's ("Defendant") Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction [docket no. 6].  The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to Utah local rule 7-1(f), the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

**I.  BACKGROUND**

Plaintiff Curtis Richmond ("Plaintiff") asserts that in 2003, Defendant failed to respond to his demands for payment for an alleged breach of contract.  Plaintiff sent a "Statement of Account" dated October 22, 2003, to Defendant which provided that "[u]pon your dishonor of this invoice you agree to settling [sic] all disputes by binding arbitration and agree to pay the fees as billed and to the assignment of this bill for collection by a third party at my option."  Plaintiff then sent Defendant a "Notice of Arbitration in the Western Arbitration Council," a "Claim/Demand for Arbitration," and a "Summary of Account," all dated December 8, 2003.

Counsel for Defendant responded to Plaintiff in a letter stating that Defendant has no agreement with Plaintiff to arbitrate disputes in the Western Arbitration Council, that it refuses to submit to the arbitration, and that the Western Arbitration Council does not have any authority to conduct an arbitration with Defendant.

Plaintiff then unilaterally proceeded with the arbitration through the Western Arbitration Council and on July, 19, 2004, the arbitrator found that "by silence and nonperformance of [Defendant], [Defendant] has agreed to settling [sic] all disputes by binding arbitration and agreed to pay the fees billed and to the assignment of this bill for collection by a third party at [Plaintiff's] option." The arbitrator accordingly entered an award in Plaintiff's favor in the amount of $1,483,513 plus eighteen percent interest and collection costs not to exceed thirty percent of the total award.

On April 28, 2006, Plaintiff filed a Complaint in the District of Utah against Defendant seeking to recover the arbitration award. In his Complaint, Plaintiff alleges that he resides in California, Defendant resides in Tennessee,[1] and the Western Arbitration Council resides in Utah. Complaint at ¶¶ 2, 3, 4. Plaintiff further alleges that "all acts necessary or precedent to the bringing of this Lawsuit accrued in the State of Utah and [the lawsuit is] governed by Utah Arbitration Statutes because the Arbitration took place in Salt Lake County, Utah." Complaint at ¶ 4. Therefore, the only connection to Utah alleged in Plaintiff's Complaint is that the arbitration took place there in July 2004.

There is no allegation in Plaintiff's Complaint that Defendant participated in that

---

[1]However, it appears that Defendant actually resides in Alabama.

2

arbitration or took any action in Utah concerning it.  There is no allegation that Defendant entered into any agreement with Plaintiff within the State of Utah, that Defendant breached such a contract within the State of Utah, or that Defendant caused Plaintiff any tortious injury within the State of Utah.  Defendant contends that it (1) has no banking locations outside of the southeastern United States; (2) does not maintain a registered agent in Utah; (3) does not own, lease, or control any property, either real or personal, in the State of Utah; (4) does not maintain any employees, offices, agents, or bank accounts in the State of Utah; (5) has no phone or facsimile listings within the State of Utah; (6) does not advertise through any paid or concerted advertising campaign in Utah; (7) does not send agents into Utah to conduct business, sell products, or visit customers; and (8) is not licensed to do business in the State of Utah.  *See* Gammill Decl. §§ 4 to 10, attached as Exhibit 1 to Defendant's Memorandum in Support of its Motion.

## II.  DISCUSSION

Plaintiff bears the burden of establishing that personal jurisdiction in Utah over Defendant is proper. *Bathcrest, Inc. v. Safeway Safety Step, Inc.*, 417 F. Supp. 2d 1236, 1239 (D. Utah 2006) (citing *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996)).  Accordingly, Plaintiff "must show [(1)] that jurisdiction is legitimate under the laws of [Utah] and [(2)] that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment."  *Id.* (citing *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999)) (other citations omitted).  The court finds that Plaintiff has not met this burden.

In his Complaint, Plaintiff cites both Utah's Arbitration Act, Utah Code Ann. §§ 78-31a-101 to -131, and its long arm statute, *id.* § 78-27-24. However, neither of these statutes help Plaintiff to establish jurisdiction in Utah over Defendant.

Utah's Arbitration Act relating to jurisdiction provides, in relevant part, that "[a]n agreement to arbitrate providing for arbitration in this state confers exclusive jurisdiction on the court to enter judgment on an award under this chapter." *Id.* § 78-31a-127. Thus, a court in Utah may enter a judgment on an arbitration award if the parties' arbitration agreement provides for arbitration Utah. In this case, however, Plaintiff has failed to show that the parties have an arbitration agreement that provides for arbitration in Utah. Accordingly, the Arbitration Act does not help Plaintiff to establish jurisdiction.

Additionally, Utah's long arm statute provides, in relevant part:

> Any person . . . whether or not a citizen or resident of this state, who in person or through an agent does any of the following enumerated acts, submits himself, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any claim arising out of or related to:
>
> (1) the transaction of any business within this state; (2) contracting to supply services or goods in this state; (3) the causing of any injury within this state whether tortious or by breach of warranty. . . .

*Id.* § 78-27-24. Accordingly, for Utah's long arm statute to confer personal jurisdiction over Defendant, Defendant must have engaged in one of the statute's listed activities "in" or "within" Utah, and such must be "related to" Plaintiff's claims. Plaintiff, however, fails to identify any conduct undertaken by Defendant in Utah from which his claims arise or to which they are related. The only Utah connection mentioned in Plaintiff's Complaint is that an arbitration purportedly took place Utah. *See* Complaint at ¶ 4. But Defendant did not appear for or

4

participate in that arbitration nor does Plaintiff allege that it did.  Plaintiff has not identified any activity within Utah upon which his claims against Defendant are based.  Accordingly, Utah's long-arm statute does not confer personal jurisdiction over Defendant.

Moreover, the court finds that the exercise of personal jurisdiction over Defendant in Utah would offend notions of due process.  Because Defendant does not reside in Utah nor does it do business in Utah, this court may exercise personal jurisdiction over Defendant only if there are sufficient "minimum contacts" between Defendant and Utah, such that Defendant could "reasonably anticipate being haled into court" in Utah.  *Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd.*, 385 F.3d 1291, 1295 (10th Cir. 2004) (citations omitted); *Bathcrest, Inc.*, 417 F. Supp. 2d at 1239.  The minimum contacts standard may be met in one of two ways:

> When the defendant has '"continuous and systematic general business contacts" with the forum state, courts in that state may exercise general jurisdiction over the defendant . . . .When the "defendant has 'purposefully directed' his activities at residents of the forum," courts in that state may exercise *specific jurisdiction* in cases that "'arise out of or relate to' those activities."

*Bell Helicopter Textron, Inc.*, 385 F.3d at 1296 (citations omitted).  Courts consider a variety of factors to determine whether a defendant has the sort of continuous and systematic general business contacts upon which general personal jurisdiction may be found, including whether a defendant is:

> (1) engaged in business in this state; (2) licensed to do business in this state; (3) owning, leasing, or controlling property or assets in this state; (4) maintaining employees, offices, agents, or bank accounts in this state; (5) shareholders [sic] reside in this state; (6) maintaining phone or fax listings within this state; (7) advertising or soliciting business in this state; (8) traveling to this state by way of salespersons; (9) paying taxes in this state; (10) visiting potential customers in this state; (11) recruiting employees in the state; and (12) generating a substantial percentage of its national sales through revenue generated from in-state

customers.

*Bathcrest, Inc.*, 417 F. Supp. 2d at 1240 (citations omitted).  Upon review of several of these factors, the court finds that Defendant is not subject to general jurisdiction in Utah.  Defendant does not conduct business within the state of Utah; has no banking locations in Utah; is not licensed to do business in Utah; does not own, lease, or control any property, either real or personal, in Utah; and does not maintain any employees, offices, agents, or bank accounts in Utah.  Defendant does not maintain a registered agent in Utah; has no phone or facsimile listings with a Utah area code; does not conduct advertising campaigns in Utah; and does not send agents into Utah to conduct business, sell products, or visit customers.  For these reasons, the court concludes that Defendant is not subject to general jurisdiction in Utah.

Similarly, this court finds that specific jurisdiction over Defendant in Utah is unwarranted.  A three-prong test is employed in order to determining whether specific jurisdiction exists in a specific case: "(1) whether the defendant purposefully directed its activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair."  *Bathcrest, Inc.*, 417 F. Supp. 2d at 1240-41 (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1548-49 (Fed. Cir. 1995)).

First, Defendant has not purposefully directed activities toward Utah or its residents.  It has never agreed to engage in arbitration with Plaintiff in Utah or in front of the Western Arbitration Council.  Defendant did not participate in the arbitration in which Plaintiff purports to have obtained an award against it.  Despite Defendant's objections, Plaintiff selected Utah as a

forum for the arbitration and chose the Western Arbitration Council as the arbitrating body. Plaintiff's unilateral initiation of contacts within the state of Utah, however, including with the Western Arbitration Council, does not establish jurisdiction in Utah over Defendant. *See Bell Helicopter Textron, Inc.*, 385 F.3d at 1296 (noting that, in general, "specific jurisdiction must be based on actions by the defendant and not on events that are the result of unilateral actions taken by someone else"); *First Mortgage Corp. v. State Street Bank & Trust Co.*, 173 F. Supp. 2d 1167, 1174 (D. Utah 2001) (noting that it is "axiomatic that 'courts have been unwilling to allow states to assert personal jurisdiction over foreign defendants where the defendant's presence in the forum arose from the unilateral acts of someone other than the defendant'" (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1092 (10th Cir. 1998) (other citations omitted)).

Second, Plaintiff's claims do not arise from any purposeful activity in Utah in which Defendant was engaged. As noted above, Plaintiff has not identified any purposeful activity directed toward Utah or its residents by Defendant. Therefore, Plaintiff's claims necessarily cannot be said to arise from such activity.

Third, the assertion of personal jurisdiction in Utah over Defendant would not be reasonable or fair. Under this prong, courts consider the following factors:

> (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive policies.

*Bell Helicopter Textron, Inc.*, 385 F.3d at 1296 n.1 (citations omitted). While it seems that Utah

may have some, albeit modest, interest in resolving the dispute because the arbitration took place here, Plaintiff's unilateral decision to initiate arbitration in Utah despite Defendant's objections to the contrary does not sway the court. Furthermore, to defend this case in Utah, Defendant will be required to continue to retain local counsel, rather than utilize its own corporate counsel, and to attend hearings and trial, if necessary, far from its resident state of Alabama. Additionally, Plaintiff is a resident of California, not Utah. Thus, it seems that he will necessarily be traveling in order to litigate this matter, whether to Utah or to Defendant's resident state of Alabama. Utah is not a substantially more convenient of efficient forum for any party. Accordingly, this court finds that exercising jurisdiction in this state over Defendant would be unreasonable and unfair.

### III.  RECOMMENDATION

Accordingly, it is hereby RECOMMENDED that Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction [docket no. 6] be GRANTED. Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. The parties must file any objection to the Report and Recommendation within ten days after receiving it. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 5th day of September, 2006.

BY THE COURT:

*[signature]*

PAUL M. WARNER
United States Magistrate Judge